**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Mark Cameron CHESNUT,**
Respondent.

No. 2010–SC–000129–KB.

Supreme Court of Kentucky.

May 20, 2010.

---

### OPINION AND ORDER

The Kentucky Bar Association (KBA) Board of Governors, has requested this Court to enter an order permanently disbarring Mark Cameron Chesnut from the practice of law and requiring him to pay restitution pursuant to a judgment against him in Tennessee. Pursuant to SCR 3.210, this matter was treated as a default case. Chesnut, KBA No. 11828, was admitted to practice law in the Commonwealth of Kentucky in 1984 and his last known bar roster address is 2131 Mt. Victor Road, Bowling Green, Kentucky 42103. He was suspended from practice on May 28, 1998 for failure to pay bar dues and his membership has not been restored since.

### File No. 17356

Chesnut prepared income tax returns for small businesses and individuals in Tennessee. He apparently told his clients that he was an attorney, but no longer practiced law. He deposited his clients'

718

checks made payable to the U.S. Treasury into an account he set up for a dummy corporation and then stole money from said account. Due to these activities, he was indicted in the Criminal Court of Davidson County, Tennessee (Case No. 2007–D–2898) on five counts of forgery, four counts of money laundering, and one count of theft of property in 2007. In 2009, he pled guilty to one count of forgery ($10,000 to $60,000) and one count of theft ($60,000 or more). He received a sentence of eight years in prison, which was probated, and was ordered to pay restitution in the amount of $76,429.77 over a seven-year period. He is now on probation in California. Due to his felony convictions, Chesnut was automatically suspended from the practice of law pursuant to SCR 3.166 on February 5, 2009.

The Inquiry Commission issued a complaint against Chesnut on April 7, 2009 and mailed it to his bar roster address. The complaint was returned, marked undeliverable. It was only after a probation officer from Tennessee provided a California address that service was completed by certified mail. The complaint notified Chesnut that he had twenty days to file a response and that failure to do so could subject him to additional proceedings and allegations pursuant to SCR 3.130–8.1(b). He did not respond.

 The Inquiry Commission issued a three-count charge against Chesnut on October 1, 2009: Count I alleges he violated SCR 3.130–8.1(b) (failure to respond to a lawful demand for information in connection with a disciplinary matter) when he failed to respond to the Inquiry Commission's complaint; Count II alleges that he violated SCR 3.130–8.3(b) (commission of "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects") when he pled guilty to criminal charges of

forgery and theft; and Count III alleges that he violated SCR 3.130–8.3(c) (engaging in "conduct involving dishonesty, fraud, deceit or misrepresentation") when he engaged in criminal acts by committing felony forgery and theft.

The Inquiry Commission attempted to notify Chesnut of its charges against him by sending him a letter by certified mail to both his bar roster address and his California address; it also sent reminder letters to both addresses. All correspondence concerning the charge was returned as undeliverable and this case proceeded as a default pursuant to SCR 3.210.

The Board found Chesnut guilty of all three charges by a preponderance of the evidence by a vote of 18–0. After reviewing his prior discipline and taking into consideration the fact that he has been suspended since May 1998 for nonpayment of dues, the Board voted (again 18–0, with one member abstaining) that he be permanently disbarred from the practice of law in the Commonwealth of Kentucky, be ordered to make restitution as required by the Tennessee judgment against him, and be required to pay all costs associated with all disciplinary proceedings against him.

ACCORDINGLY, the Court ORDERS:

1. Respondent, Mark Cameron Chesnut, is found guilty of the ethical violations described above;

2. Chesnut is permanently disbarred from the practice of law in Kentucky;

3. Chesnut must make full restitution in accordance with the Tennessee judgment described above;

4. In accordance with SCR 3.450, Chesnut is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $192.45, for which execution may issue from this Court upon fi-

nality of this Opinion and Order; and

5. Pursuant to SCR 3.390, Chesnut shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his disbarment from the practice of law, and furnish copies of said letters of notice to the Director of the KBA. Furthermore, to the extent possible and necessary, Chesnut shall immediately cancel and cease any advertising activities in which he is engaged.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and VENTERS, JJ., concur.

MINTON, C.J., not sitting.

ENTERED: May 20, 2010.

/s/ Will T. Scott
 Deputy Chief Justice